# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WILLIAM C. BOYKIN,

        Plaintiff,

-vs-                                                 Case No. 6:05-cv-1612-Orl-31JGG

JOHN SCOTT TURK,

        Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | AMENDED MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 9) |
| FILED: | November 22, 2005 |
| THEREON it is **RECOMMENDED** that the motion be **DENIED**. It is further **RECOMMENDED** that the complaint be dismissed without prejudice as frivolous. | |

Plaintiff, William C. Boykin, initially moved to appear *in forma pauperis* on October 26, 2005. The Court entered an order denying without prejudice Boykin's motion as he failed to complete fully the Affidavit of Indigency. Docket 6. The Court further noted that the Motion for Confirmation of Award was subject to dismissal because: 1.) there was no complaint on file: 2.) Plaintiff had not established that the Court has jurisdiction of this matter; and 3.) the motion appeared to not state a claim. Docket No. 6. Boykin was ordered to file a complaint that sets forth his claim and the basis

for this Court's jurisdiction no later than November 28. 2005. Boykin was warned that failure to comply with the order would result in dismissal of the action.

Currently pending before the Court is Boykin's Amended Motion for leave to proceed *in forma pauperis*. On November 22, 2005. Boykin has filed a document entitled Complaint and Motion for Confirmation of Arbitration Award. Docket 8.

## I.  THE LAW

### A.  The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious. or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

Case 6:05-cv-01612-GAP-JGG   Document 12   Filed 11/29/05   Page 4 of 11 PageID 59

### C. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)

#### 1. Frivolous Factual Allegations

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989). The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 *citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129. If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

2. <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[4] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at (Rule 12

---

[4] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6). so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

(b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part*, 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied*, 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of

which warrants a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324.

## II. APPLICATION

### A. Subject Matter Jurisdiction

Boykin's Complaint alleges that this is an action to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). Docket No. 8 at 3. Boykin further alleges that jurisdiction is derived from 9 U.S.C. §§ 2 and 9. Docket No. 8 at 1.

This Court can conduct a plenary review of subject matter jurisdiction *sua sponte*. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468 (11th Cir. 1997). Neither Section 2 nor 9 of the FAA provides an independent basis of federal jurisdiction. *See Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996) (no federal jurisdiction under § 9 of the FAA); *Baltin*, 128 F.3d at 1469 (the FAA

does not confer subject matter jurisdiction on federal courts). Diversity of citizenship, however, may confer the requisite jurisdiction. *Loral,* 77 F.3d at 422.

Diversity jurisdiction arises when all parties to the action are "citizens" of different states. 28 U.S.C. § 1332(a). "Citizenship" is equivalent to "domicile" for purposes of diversity jurisdiction. *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002). A person's domicile "is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. A change of domicile requires a showing of (1) physical presence in the new location; and (2) and intention to remain there indefinitely. *Id.* Diversity jurisdiction is determined at the time the complaint is filed. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570 (2004).

Boykin's Complaint alleges that Boykin resides in Indialantic, Florida, and that Defendant John Scott Turk resides in San Diego, California. Docket 8 at 3. The Complaint further alleges that Turk owns property in Brevard County, Florida, and that Turk spends time in Florida managing his property. The Complaint also alleges that Turk answered to criminal charges in Brevard County in 2005, and that he served out a term of probation there.

Although these allegations suggest that Turk may be physically present in San Diego, the allegations fall short of alleging citizenship or establishing that Turk intends to remain in California indefinitely. The Complaint, therefore, fails to establish subject matter jurisdiction.

B.  **Failure to State a Claim**

The provisions of the FAA apply to written clauses in maritime transactions and to contracts evidencing a transaction involving commerce. 9 U.S.C. §§ 1, 2. *See generally, Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 (1967). The FAA provides that a party may apply for judicial confirmation of an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. This language is exclusionary such that a party may apply for confirmation only if the parties have made that agreement. *See PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252, 1253 (8th Cir.1998) ("That is because the FAA provides that a party to an arbitration may apply to the court for confirmation of an arbitration award only '[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration.'") (quoting 9 U.S.C. § 9); *Home Ins. Co. v. RHA/Penn. Nursing Homes, Inc.*, 127 F. Supp. 2d 482, 484 (S.D.N.Y.2001) ("a federal court may not confirm an arbitration award unless the parties 'in their agreement have agreed that a judgment of the court shall be entered upon the award....'") *(emphasis added) (citing Varley v. Tarrytown*, 477 F.2d 208 (2d Cir.1973) (quoting 9 U.S.C. § 9)).

Boykin's Complaint attaches no arbitration agreement, and does not establish that the underlying contract giving rise to the arbitration falls within the scope of the FAA. Nor does the Complaint allege that the parties agreed that a judgment of the court shall be entered upon the award. Instead, Boykin attaches an "Apostille" purportedly signed by the Secretary of State for the State of Florida and a "Certificate of Notarial Protest." The Apostille does not appear to certify anything, and

its bearing on this case is unfathomable. The Certificate of Notarial Protest refers to Defendant Turk's alleged "dishonor." The Certificate of Notarial Protests uses terms and phrases the Court often sees in taxpayer protest suits and appears to have no bearing on the terms and scope of the agreement that Boykin alleges to have existed between the parties. The Certificate of Notarial Protest further purports to establish "an administrative, binding judgment in commerce under commercial law" against Turk, but it is dated prior to the arbitration award and does not state the basis of its authority.

The arbitration award itself also is highly suspect. Initially, the Court finds it is highly improbable that a person engaged in legitimate commercial transactions involving $3.9 million dollars (the amount of the arbitration award) would proceed *pro se* and seek *in forma pauperis* status. The source of the award, the National Arbitration Council ("NAC"), also is questionable. Initially, the Court notes that the documents prepared by the NAC are not on a letterhead, but appear to have been prepared on a word processor. The NAC documents also do not contain a business address other than a post office box, no telephone number is listed, and persons are directed to send questions to a Yahoo.com e-mail address, instead of a domain established by the company. Another judge in this District has preliminarily enjoined NAC from, *inter alia*, issuing any arbitration awards involving Chase Manhattan Bank because of the allegedly fraudulent awards issued by NAC. *See Chase Manhattan Bank USA, N.A. v. National Arbitration Council, Inc.*, Case 3:04-cv-1205-J-32HTS, 2005 WL 1270504 (M.D. Fla. May 27, 2005). Another similar case is currently pending against NAC. *See Citibank (South Dakota), N.A. et al v. National Arbitration Council, Inc. et al.*, Case

3:04-cv-01076-TJC-MCR. Where an arbitration award is procured by corruption, fraud or undue means, the Court may set it aside. 9 U.S.C. § 10(a)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. That the motion to proceed *in forma pauperis* be denied as frivolous;

2. That the complaint be dismissed without prejudice; and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 28, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell
Unrepresented Party
Courtroom Deputy